J-S67031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROY ROBINSON | |
| Appellant | No. 3366 EDA 2015 |

Appeal from the PCRA Order October 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0837291-1988

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 07, 2016**

Appellant, Roy Robinson, appeals *pro se* from the order entered on October 20, 2015, denying his petition for writ of *habeas corpus*, which the lower court treated as a PCRA petition.[1]  We affirm.

The relevant facts and procedural history are as follows: Following the shooting death of Christopher Washington on February 20, 1988, Appellant was arrested, and represented by counsel, he proceeded to a jury trial.  The jury convicted Appellant of, *inter alia*, first degree murder, and on April 30, 1990, the trial court sentenced Appellant to life in prison.  On direct appeal, this Court affirmed Appellant's judgment of sentence on May 9, 1991.  ***See***

_____

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

*Commonwealth v. Robinson*, 595 A.2d 193 (Pa.Super. 1991) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed his first collateral petition on October 30, 1991, and following the lower court's denial of the petition, this Court affirmed on August 20, 1999. *See Commonwealth v. Robinson*, 745 A.2d 45 (Pa.Super. 1999) (unpublished memorandum). The Supreme Court denied Appellant's petition for allowance of appeal.

Thereafter, Appellant filed serial PCRA petitions, all of which the PCRA court dismissed. Appellant appealed the dismissal of his sixth PCRA petition, and in a published opinion filed on January 14, 2011, this Court affirmed. *See Commonwealth v. Robinson*, 12 A.3d 477 (Pa.Super. 2011). Specifically, the panel concluded Appellant's sixth PCRA petition was untimely filed and subject to no exceptions. *See id.*

On December 3, 2014, Appellant filed a *pro se* petition for writ of *habeas corpus*,[2] and treating the petition as one filed under the PCRA, the PCRA court provided Appellant with notice of its intent to dismiss. Appellant filed several responses, and by order filed on October 20, 2015, the PCRA court dismissed the petition as being untimely filed. This timely *pro se*

---

[2] Although Appellant's *pro se* petition was docketed on December 5, 2014, we deem it to have been filed on December 3, 2014, when Appellant handed it to prison officials. *See Commonwealth v. Patterson*, 931 A.2d 710 (Pa.Super. 2007) (discussing the prisoner mailbox rule).

appeal followed. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement; however, the PCRA court filed a Pa.R.A.P. 1925(a) opinion explaining the reasons it found Appellant's latest filing to be untimely.[3]

At the outset, contrary to Appellant's argument, we conclude the PCRA court properly treated Appellant's instant petition, entitled "Petition for Writ of *Habeas Corpus*," under the auspices of the PCRA. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the court must analyze the petition under the auspices of the PCRA. ***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa.Super. 2013).

In his instant petition, Appellant alleged that his conviction and sentence are illegal since they are derived from a collection of books entitled Purdon's, and these books are defective. Appellant also alleged that his

_____

[3] Following the filing of his appellate brief, Appellant filed an application seeking leave to file a post-submission communication brief. By order entered on July 11, 2016, this Court granted Appellant's application, indicating we would treat his "post-submission communication" as a supplemental brief.

sentence is illegal on the basis it is not supported by a written sentencing order.[4]  As the PCRA court correctly observed, challenges to the legality of a petitioner's judgment of sentence are cognizable under the PCRA.  **See Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011).  Accordingly, the PCRA court properly treated Appellant's petition for a writ of *habeas corpus* as a PCRA petition.

With regard to petitions filed under the PCRA, as this Court has observed:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law.  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.  An untimely petition renders this Court without jurisdiction to afford relief.

**Taylor**, 65 A.3d at 468 (citations omitted).  Thus, at this juncture, we must determine whether Appellant's December 3, 2014, petition was timely filed under the PCRA.

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final.

_____

[4] The Commonwealth countered that the trial court entered a written sentencing order.

42 Pa.C.S.A. § 9545(b)(1).[5] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

---

[5] The PCRA provides that where a petitioner's judgment of sentence became final on or before the effective date of the amendments (January 16, 1996), a special grace *proviso* allows first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056–1057 (Pa.Super. 1997) (explaining application of PCRA timeliness *proviso*). Here, as discussed *infra*, Appellant's judgment of sentence became final before the effective date of the amendments, however, Appellant did not file his instant petition by January 16, 1997. Moreover, the *proviso* does not apply to "second or subsequent petitions[,]" and thus, Appellant does not meet the requirements of the *proviso* on this basis as well. **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa.Super. 2002).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

Here, Appellant's judgment of sentence became final on or about June 10, 1991, when the time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113 ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court[.]"). Therefore, Appellant had until approximately June 10, 1992, to file a timely PCRA petition. Appellant's instant petition was not filed until December 3, 2014, more than twenty-two years after his judgment of sentence became final. Accordingly, the instant petition is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Nevertheless, Appellant suggest that, since his sentence is illegal in that there is no valid sentencing order, he is not subject to the PCRA's timeliness restrictions. However, our Supreme Court has held specifically that, "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999).

- 6 -

In the case *sub judice*, Appellant has not invoked any of the applicable exceptions to the PCRA, and therefore, we agree with the PCRA court that Appellant's instant petition was untimely filed.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016